# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No. 8:09-CR-32-T-27TGW

**HAROLD JASON VASQUEZ, JR.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion Requesting Appointment of Counsel to File a Modification of Sentence Pursuant to the Retroactive Amendment 782 (Dkt. 97). Construing the motion liberally, Defendant seeks a sentence reduction under the First Step Act of 2018. The Federal Defender was appointed but has not taken any action (Dkt. 99). Because Defendant is not eligible for a sentence reduction under the First Step Act, the Order appointing the Federal Defender is **VACATED**. His construed motion for sentence reduction under the First Step Act (Dkt. 97) is **DENIED**.

Defendant was convicted of distribution of 5 or more grams of cocaine base and sentenced to 60 months, followed by a 5 year term of supervised release (Dkt. 32). He completed his prison sentence and his term of supervised release commenced on July 8, 2013 (Dkt. 37). He has been before the court four times for violating the terms of supervised release (Dkts. 49, 61, 79, 96). His term of supervised release has been revoked three times, the latest on August 30, 2018 (Dkts. 61, 79, 96). He was sentenced to 6 months in prison, followed by a 3 year term of supervised release (Dkt. 96).

Under Section 404(b) of the First Step Act of 2018, a court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered

1

offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Under Section 404(a), a " 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010." While Defendant's offense of conviction is a "covered offense" as defined in Section 404 of the First Step Act, he is ineligible for a sentence reduction because he completed his prison sentence and the First Step Act does not authorize a reduction in the sentence imposed after revocation of his term of supervised release. More specifically, retroactive application of the Fair Sentencing Act does not reduce the penalties he faced when his term of supervised release was revoked.

**DONE AND ORDERED** this 19th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record